## Case No. 6,337.

### In re HELLER.

[3 Biss. 153; 4 Alb. Law J. 49.][1]

District Court, W. D. Wisconsin.     Sept. Term, 1871.

BANKRUPTCY—SUFFERING PROPERTY TO BE TAKEN.

1. Under section 39 of the bankrupt act [of 1867 (14 Stat. 536)] it is not necessary that the debtor should be an actor in promoting the taking of his property; the suffering it to be taken is a violation of the act.

2. It is the duty of an insolvent man, when sued, to take measures to secure the equal distribution of his property among his creditors; and if he makes no defense to the actions, does not notify his other creditors of such suits, nor do anything to prevent the obtaining a preference, he suffers his property to be taken within the meaning of that section.

3. When a debtor suffers an act which he might prevent, and the necessary consequence of which is to give a preference to certain creditors, the law presumes that he intended such result.

The bankrupt, a merchant, being insolvent and knowing his insolvency, was sued in August, 1870, by Van Steenwyk, his banker, and by Hendrickson, his father-in-law, by the service of a summons only, in the state court, for amounts exceeding the value of his property, and shortly afterwards was sued by Levi Feigel, another creditor. No papers were filed in the cases until the day before judgments were entered, in November following. The bankrupt, after said suits were commenced against him, was applied to for payment by some of his other creditors, and he put them off, but did not inform them that he had been sued. After those creditors obtained the judgments, by default, they caused executions to be issued and levied upon all the bankrupt's property, and shut up his store, which was the first known by his other creditors of the suits. The bankrupt also represented to the attorneys of some of his other creditors, while the suits were pending, that those creditors who had already sued him were going to give him time. After the levy the petitioning creditors commenced these proceedings in this court, alleging that he suffered his property to be taken by those creditors on legal process with a view to give them a preference. The bankrupt filed a general denial of bankruptcy, and on the trial the foregoing facts appeared in evidence, and were found by the court.

Wing & Hood, for petitioning creditors.

J. J. Cole, for bankrupt.

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 4 Alb. Law J. 49, contains only a partial report.]

HOPKINS, District Judge. The acts of bankruptcy charged in the petition in this case are:

First—That the debtor being insolvent, with a view to give a preference to G. Van Steenwyk, of La Crosse, and Henry W. Hendrickson, his father-in-law, two of his creditors, suffered his property to be taken by them upon legal process; and,

Second—That he procured an execution to be issued upon a certain other judgment in favor of Levi Feigel, and suffered his property to be taken thereon with a view to give a preference to such judgment creditor. The debtor denied these acts of bankruptcy, and the evidence has been taken and submitted to me with the written briefs of the attorneys for the parties.

The only question that I deem it necessary to pass upon on this hearing is as to whether the debtor "suffered his property to be taken upon legal process" within the meaning of section 39 of the bankrupt act, "with intent to give a preference to one or more of his creditors." Under that section it is not necessary that the debtor should be an actor in promoting the taking; if he "suffers" the taking, he violates the act, if the necessary consequences of it are to enable the creditor to obtain a preference. If he was insolvent (which is not denied) when he was sued by Van Steenwyk and Hendrickson in August last, it became his duty to apply voluntarily for the benefit of the bankrupt act, so that his property might be distributed equally among all his creditors, and not keep still and permit those creditors who had sued him to go on and obtain judgments and take all his property upon executions.

An insolvent debtor is not only forbidden from aiding or procuring his property to be taken upon legal process, that is, from acting with a creditor for that purpose, but he is on the contrary required to take steps to prevent it, and if, when sued, he keeps silent and does not take measures to prevent a creditor from obtaining a preference by his suit, he, within the meaning of the act, suffers it to be done.

What a party has the power to prevent, he "suffers" to be done when he does not use the means provided to prevent it. If he did not like to proceed voluntarily, he could have notified his other creditors of the fact of his having been sued. He had twenty days before judgment to do so, before judgments could have been recovered.

The debtor in this case neither did anything to prevent Van Steenwyk, Hendrickson and Feigel from obtaining judgments against him and taking his property to satisfy them, nor did he notify his other creditors of the commencement of such suits, but on the contrary, intentionally, it seems to me, concealed from them the fact of the commencement of such suits. I think in this case the testimony clearly shows that the debtor "suffered" his

property to be taken upon legal process, with intent to give a preference to the execution creditors, and thereby committed the act of bankruptcy charged against him in the petition, and the adjudicated cases leave no room for doubt upon this question. In re Black [Case No. 1,457]; In re Craft [Id. 3,316]; In re Dibblee [Id. 3,884]; In re Wells [Id. 17,-388]; Campbell v. Traders' Nat. Bank [Id. 2,-370]; Beattie v. Gardner [Id. 1,195]; Rison v. Knapp [Id. 11,861].

The debtor, as before stated, was confessedly insolvent when sued and when his property was taken on the execution, and he took no steps to prevent a judgment, or his property from being thus taken; he therefore suffered an act to be done which he might have prevented, which necessarily resulted in a preference in favor of the judgment creditors, and the law presumes that he intended the natural consequences of his acts. The result of his inactivity being necessarily to give a preference to the creditors suing, he is in law chargeable with having intended to effect that purpose.

I think the act of bankruptcy first charged in the petition clearly proven, and I therefore adjudge the debtor to be a bankrupt, and subject to the provisions of the bankrupt act. It is unnecessary at this time to consider the other questions presented by the counsel.

Consult, also, In re Haughton [Id. 6,223]; Wright v. Filley [Id. 18,077]; Kohlsaat v. Hoguet [Id. 7,919].